IN THE UNITED STATES DISTRICT COURT OF THE MIDDLE DISTRICT OF FLORIDA FORT MYERS FLORIDA DIVISION

MICHEAL KINEARD

Plaintiff

v.

Case No. 2:23-cv-00559-JES-NPM

(FNU) SMITH, (FNU) DAVIS, JON PAUL CARNER, ROBERT HOUSTON, and COURTNEY JONES

Defendants

SECOND AMENDED CIVIL RIGHTS COMPLAINT (42 U.S.C. 1983)

This is a civil rights action authorized by 42 U.S.C. 1983 to redress deprivation under color of state law of rights secured by the Constitution of The United States. This Court has jurisdiction under 28 U.S.C. 1331 and 28 U.S.C. 1343 (a)(3) Plaintiff's claims of injunctive relief is authorized

by ~~42C~~ 28 U.S.C. 2283 and 28 U.S.C. 2284 and Rule 65 of The Federal Rules of Civil Procedure.

## JURISDICTION & VENUE

The Middle District of Florida is an appropriate venue under 28 U.S.C. 1391 (b)(2) because this is where the events giving rise to these claims occurred. Plaintiff is and was at all times mentioned herein, a prisoner of the state of Florida within the Florida Civil Commitment Center (hereinafter F.C.C.C.) He is currently confined at the F.C.C.C.

## DEFENDANTS

Defendant (FNU) Davis (Davis) is a federal employee at the F.C.C.C. who is and was at all times mentioned herein, held the ranking of custody officer assigned to The F.C.C.C.

Defendant (FNU) ~~Davis~~ Smith is a federal employee at the F.C.C.C. who at all times mentioned herein held the ranking of custody officer assigned to The F.C.C.C.

Defendant Jon Paul Carner is legally responsible for all the operations here at The F.C.C.C.; and of the welfare of all the mental health inmates' here at The F.C.C.C.

Defendant Courtney Jones, (Jones) is and was at all times mentioned herein' held the ranking of clinical/case management team director' assigned to the F.C.C.C.

Defendant Robert Houston (Houston) is a federal employee at The F.C.C.C. who was and is ~~and~~ ~~and~~ at all times mentioned herein' held the ranking of security captain/director assigned to the F.C.C.C.

Each Defendant is being sued individually ~~a~~ and in his/her official capacity. And at all times mentioned herein this complaint' each Defendant acted under the color of state law.

## STATEMENT OF FACTS

## COUNT ONE: CULPABLE NEGLIGENCE UNDER THE EIGHTH AMENDMENT OF THE

UNITED STATES CONSTITUTION AGAI-
NST DEFENDANTS ~~AGAIA~~ GIDEON
DAVIS AND (FNU) MR. ~~DAVIS~~ SMITH

1. On the night of/date of May 10, 2023,
Defendant Smith' approached Plaintiff's door
using repetetive profanity; telling Plaintiff to get
off the door. (both defendants have had; and
continue to have a history of committing violent
acts against residents at the F.C.C.)

2. After Defendant Smith threatened to deprive
Plaintiff of his meal (in addition to doing the same
to other residents while in confinement) ~~Defend
ant~~ along with Defendant Davis) Plaintiff request-
ed to speak with the on duty/Captain on shift at
the time (3:40 p.m.) as Plaintiff was tired of
being deprived of his meals by said two Defendants'

3. Defendants Smith and Davis ~~constantly~~ committed
such abuse against Plaintiff; Plaintiff (at 5:4
5:40 p.m.) asked a resident to go get the Captain
on shift (on said date mentioned herein) as
Plaintiff began kicking his cell door in an attempt

5 of 14  4 of 9

to get the Captain to come to the unit, (confinement dormitory)

4. Defendant Smith approached Plaintiff's cell door, using profanities) telling Plaintiff/threatening Plaintiff with physical/bodily harm, (said Defendant said to Plaintiff that he would come in there and beat his ass, if he did not get off the door)

5. Aggravated and tired of Defendant Smith's unprofessional behavior) Said Defendant called on his walkie talkie, and called for staff to open up his door/cell door.

6. After Plaintiff's confinement cell door was opened, Defendant Smith entered Plaintiff's cell door, Smith told Davis to watch his back) and Davis followed telling Smith to beat Plaintiff's ass, of which Smith began hitting Plaintiff in the face with closed fists.

7. Plaintiff, continued to be beaten and abused by Defendant) as Plaintiff fell to the floor being

being kicked in the face, head, mouth, and eye, and also being egged on By Defendant ~~Smith~~ Davis to continue to commit said harm and injury upon Plaintiff, while Defendant was continuing to kick Plaintiff.

8  When Defendant Smith finally stop beating Plaintiff they (said two Defendants mentioned herein) told him to lie to other staff (esp, medical staff) that he just slipped and fell. If he refused to do so, said two Defendants ~~would~~ suffer even more said it irreperable would cause Plaintiff harm and injury; ~~another~~ ~~thereafter~~ to suffer

9  Plaintiff was then transported to the hospital after being taken down to medical within F.C.C.C., in addition to Plaintiff being diagnosed with various injuries by hospital staff when at the hospital.

10  Plaintiff eventually told the Desoto Sheriff's Office the fact that "slip and fell" was only a lie of which he was compelled under fear by said two defendants to state as Plaintiff did not want to be physically assaulted again by said two Defendants.

COUNT TWO: CULPABLE NEGLIGENCE AND CONSEQUE-
NTIAL DAMAGES UNDER THE EIGHTH AMENDMENT OF
THE UNITED STATES CONSTITUTION AGAINST DEFENDANTS
JOHN PAUL CARNER, ROBERT HOUSTON, AND COURTNEY JONES

Plaintiff alleges and states that Defendants Carner, Houston, and
Jones committed culpable negligence upon Plaintiff, as Defendants
ignored the fact that Defendants Davis and Smith were capable
of committing such harm/violence against Plaintiff, and other
lady resident inmates;

Had Defendants (mentioned herein said count) had of allowed Plaint-
iff to remain in a one-man cell room (even after being placed in
confinement) he would have not have suffered physical assault from
Defendants Smith and Davis, creating and establishing consequential
damages.

Plaintiff states that Defendant Jon Paul Carner would recruit violent officers
while within the Florida Department of Corrections (hereinafter F.D.
O.C.) including said Defendant herein who after leaving F.D.O.C. and
and quickly arriving here at the F.C.C.J. After being promoted
instantly to the position position of facily administerator. Which Defen-
ant said Defendant still recruited violent F.D.O.C. officers to work them
ile for them,

Defendant Houston could have placed Plaintiff (or rather
continue to remain within) a one-man cell) Plaintiff would never
have suffered the severely violent physical assault committed
upon him by Defendants Smith and Davis) in addition to failing
to find and properly train qualified officers to work in such an
environment

Defendant Jones failure to take the initiative to place Plaintiff
(or rather allow Plaintiff to remain in a one-man cell-room: and
not remain here within restrictive confinement (that they call secure
management) Plaintiff would not suffered have suffered such
a violent ordeal at the hands of Defendants Smith and Davis

Defendants (mentioned herein) filed false reports and documents
(to conceal and cover up: the brazen irresponsibility and unp-
rofessionalism from the eye of the public  (in regards to Defend-
ants Smith and Davis)

## LEGAL CLAIMS

Plaintiff realleges and incorporates by reference paragrap-
hs 1-10 (in count one) and 1-6 (herein count two)

## CONCLUSION

Defendants Gideon Davis and Smith's physical assault upon Plaintiff constituted culpable negligence placed Plaintiff at an objectively and substantially serious risk of harm violated Plaintiff's Eight Amendment right under the United States Constitution, causing Plaintiff much emotional distress, sickness, and suffering (in addition to consequential damages)

Defendant Jon Paul Corners Intentional hiring of such violent officers (from F.D.O.C.) of whom he knew had a history of committing such barbaric, violent acts upon such innocent person as said two Defendants (mentioned herein paragraph 5 supra) committed upon Plaintiff, constituted culpable negligence and consequential damages violating Plaintiff's rights under the Eighth Amendment of the United States Constitution, causing Plaintiff much emotional distress, sickness, and suffering. (In addition to subjecting Plaintiff to an objectively and substantially serious risk of harm)

Defendant Robert Houston's failure to hire/recruit such qualified officers in addition to Defendants failure to train such qualified officers resulted in Plaintiffs physical assault committed upon him by Defendants Smith and Davis constituted culpable negligence and consequential damages violated (subjecting Plaintiff to a objectively and substantially serious risk of harm) violated Plaintiff's rights under the Eighth Amendment of the United States Constitution causing Plaintiff much emotional distress, sickness, and suffering.

Defendant Jones failure to place Plaintiff in a one-man cell (after finishing his confinement time) or rather leaving Plaintiff within his one man cell (while within general population) result which could have avoided said physical attack mentioned herein upon Plaintiff by Defendants Smith and Davis, but resulted in said attack upon Plaintiff by said Defendants, constituted culpable negligence and consequential damages placing Plaintiff at an objectively and substantially serious risk of harm, violated Plaintiff's rights under the Eighth Amendment of the United States Constitution, causing Plaintiff much emotional distress, sickness, and suffering.

## RELIEF SOUGHT

Plaintiff has no plain adequate or complete remedy at law to redress the wrongs herein. Plaintiff has been, and will continue to be irreparably harmed and injured by said Defendants mentioned herein unless this Court grant the Relief Requested sought by Plaintiff, (Plaintiff made attempt to exhaust his administrative remedies on an institutional level here at the F.C.C.C. to no avail)

WHEREFORE, Plaintiff respectfully prays that This Honorable Court enter judgement granting Plaintiff;

Punitive Damages in the amount of 400,000 dollar against each Defendant, jointly and severally;

Compensatory (or actual) damages in the amount of 300,000 against D each Defendant jointly and severally,

Recovery of his cost in his suit,

A trial of all these issues which are triable

And any additional relief that This Court deems just, proper, and equitable.

## DECLARATION / PROOF OR CERTIFICATE OF SERVICE

I HEREBY VERIFY that all information herein is true and correct. Except, as to matters mentioned herein upon information and belief; as to those; I believe them lit to be true and correct.

I HEREBY CERTIFY under penalties of perjury that the following and foregoing is true and correct. Executed at Arcadia, Florida on May 16, 2024

Respectfully Submitted
Micheal Kinneard #
F.C.C.C. 13619 S.E. Hwy 70
Arcadia, Florida 34266

9 of 9