```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

MICHAEL BARRY KINEARD,

      Plaintiff,

v.                              Case No:  2:23-cv-559-JES-NPM

TRAYVIS SMITH, GIDEON L DAVID, COURTNEY JONES, JON CARNER, and ROBERT HOUSTON,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants Jon Carner, Robert Houston, and Courtney Jones' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #31).[1] Plaintiff Michael Barry Kineard did not respond, so the Motion is subject to treatment as unopposed. See M.D. Fla. R. 3.01(c).

    **I.**   **Background**

Kineard is an involuntarily committed resident of the Florida Civil Commitment Center ("FCCC"). At the time Kineard filed this action, Carner was the FCCC's facility director, Houston was the security director, and Jones was the clinical director. The Court recounts the factual background as pled in Kineard's Second Amended

---

[1] The Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #27) is also pending. The Court will deny it as moot because Kineard's first amended complaint is no longer the operative pleading. See Mahoney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

Complaint, which it must take as true to decide whether the complaint states a plausible claim. See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On May 10, 2023, Defendants Travis Smith and Gideon David threatened to deprive Kineard of a meal. Kineard kicked his cell door in an effort to get the attention of the captain on shift, and Smith threatened to beat Kineard if he did not get away from the door. Smith used his walkie-talkie to have a staff member open Kineard's cell. He then entered Kineard's cell, told David to watch his back, and started punching Kineard in the face. When Kineard fell to the floor, Smith repeatedly kicked Kineard in the head while David egged him on. After the beating, Kineard was taken to a hospital for treatment.

Kineard claims the beating would not have occurred if Carner, Houston, and Jones allowed him to stay in a one-man room. Kineard also accuses Carner of recruiting violent officers from the Florida Department of Corrections to work at the FCCC, and he claims Houston failed to properly train officers. Carner, Houston, and Jones argue the Second Amended Complaint fails to state a claim against them.

**II. Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Kineard files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the

constitutional deprivation. <u>Marsh v. Butler Cnty., Ala.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001).

**III. Analysis**

Kineard claims Carner, Houston, and Jones are culpable for the beating he received because they did not let him remain in a one-man room. He also accuses Carner of recruiting violent officers and Houston of failing to train officers.

    1. <u>Failure to protect</u>

An FCCC official's "deliberate indifference to a known, substantial risk of serious harm" to a resident violates the Fourteenth Amendment. <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1358 (11th Cir. 2003) (abrogated in part on other grounds). To establish a Fourteenth Amendment violation, a plaintiff must establish that "a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to that risk." <u>Id.</u> To be deliberately indifferent, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Kineard also "must show that the constitutional violation caused the injury." <u>Cottone</u>, 326 F.3d at 1358.

Kineard fails to state a plausible failure-to-protect claim against Carner, Houston, or Jones. He does not allege any facts

- 4 -

from which the defendants could have concluded that moving Kineard out of a one-man room would create a substantial risk of harm. Nor does Kineard plead any facts suggesting the move caused Smith to beat him.

2. Negligent hiring and training

It is well established in the Eleventh Circuit "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014). To hold a supervisor liable, "a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Id. at 1047-48.

A supervisor can be held liable under § 1983 "for failing to train his or her employees 'only where the failure to train amounts to deliberate indifference to the rights of persons which whom the officers come into contact.'" Id. at 1052 (quoting Cty. of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). Courts also apply the deliberate-indifference standard to claims of supervisory liability based on hiring decisions. See Key v. Lundy, 563 F. App'x 758, 760 (11th Cir. 2014).

Kineard fails to state a claim based on negligent hiring or training because both claims are conclusory. Kineard does not

allege any facts that could have put Houston on notice that his training program was deficient.  Nor does he plead any facts that could have put Carner on notice that hiring Smith and David would create a substantial risk of harm to FCCC residents.

Accordingly, it is hereby

**ORDERED:**

Defendants Jon Carner, Robert Houston, and Courtney Jones' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #31) is **GRANTED**.

1. Kineard's claims against Carner, Houston, and Jones are **DISMISSED without prejudice.**
2. The Clerk is **DIRECTED** to terminate Carner, Houston, and Jones as parties to this case.
3. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #27) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of October 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record